NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————

**ROSE SALBERG,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2014-7049

———————————

Appeal from the United States Court of Appeals for
Veterans Claims in No. 12-2483, Judge Margaret C.
Bartley.

———————————

Decided: April 6, 2015

———————————

JANET PIOLI, Brinks Gilson & Lione, Chicago, IL,
argued for claimant-appellant. Also represented by LAURA
A. LYDIGSEN, DAVID HANNA.

JOSHUA SCHNELL, Commercial Litigation Branch,
Civil Division, United States Department of Justice,
Washington, DC, argued for respondent-appellee. Also
represented by SONIA MARIE ORFIELD, JOYCE R. BRANDA,
ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; Y. KEN LEE,

2                                         SALBERG v. MCDONALD

CHRISTINA LYNN GREGG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before PROST, *Chief Judge,* TARANTO, *Circuit Judge,* and FOGEL, *District Judge.**

FOGEL, *District Judge.*

This appeal from the judgment of the United States Court of Appeals for Veterans Claims (the "Veterans Court") concerns whether posttraumatic stress disorder ("PTSD") and malaria constitute "contributory cause[s] of [the veteran's] death" within the meaning of 38 C.F.R. § 3.312(c)(1). For the reasons set forth below, we dismiss the appeal in part and vacate the Veterans Court's conclusion that the veteran's PTSD was not a "contributory cause of death." We remand to give the Veterans Court an opportunity to construe an arguably ambiguous portion of § 3.312(c)(1) in the first instance.

I

According to § 3.312(a):

> The death of a veteran will be considered as having been due to a service-connected disability when the evidence establishes that such disability was either the principal or a contributory cause of death.

Section 3.312(c)(1) defines "contributory cause of death" as follows:

_____

\* Honorable Jeremy Fogel, District Judge, United States District Court for the Northern District of California, and Director of the Federal Judicial Center, sitting by designation.

Contributory cause of death is inherently one not related to the principal cause. In determining whether the service-connected disability contributed to death, it must be shown that it contributed substantially or materially; that it combined to cause death; that it aided or lent assistance to the production of death. It is not sufficient to show that it casually shared in producing death, but rather it must be shown that there was a causal connection.

Appellant Rose Salberg is the surviving spouse of Lawrence Salberg, a veteran who died in 2008 at the age of 78. Mr. Salberg's death certificate recites "respiratory failure" as the immediate cause of death and "fungemia sepsis," "ARDS,"[1] and "hypotension" as the conditions "leading to the cause." An examiner for the Department of Veterans Affairs concluded separately that "[e]nd-stage renal disease" and "[v]asculitis (p-ANCA positive)," an autoimmune disease, were the "[m]edical disorders contributing to primary cause of death."

It is undisputed that Mr. Salberg's service-connected disabilities were not the "principal cause of death." Mrs. Salberg instead sought service connection under two separate theories of "contributory cause of death."

First, she pointed to an incident that occurred while Mr. Salberg was serving as a guard in a psychiatric ward of a military hospital. On March 15, 1949, one of the patients "engaged him in a bear hug and bit his left ear lobe." The attack had a deep impact on Mr. Salberg; he was eventually diagnosed with PTSD and was awarded service connection for the condition. His original disability rating in 2001 was 10%, but, as the PTSD worsened over

_____

[1]    ARDS stands for "acute respiratory distress syndrome."

time, the rating was increased to 30% in 2003 and ultimately to 70% in 2004. In Mrs. Salberg's view, the vasculitis which ultimately led to Mr. Salberg's death in 2008 was at least exacerbated by the PTSD he suffered as a result of the attack.

Second, Mrs. Salberg alleged that Mr. Salberg contracted malaria while in service. In her view, this fact constitutes a separate ground for the award of service connection because of the "connection between malaria and vasculitis."

Mrs. Salberg was unable to able to convince the Board of Veterans' Appeals (the "Board") that either PTSD or malaria was a "contributory cause" of her husband's death. *In re Salberg*, No. 10-10 077 (Bd. Vet. App. June 21, 2012) [hereinafter *Board Op.*]. Her claims fared no better in the Veterans Court. *Salberg v. Shinseki*, No. 12-2483 (Vet. App. Nov. 8, 2013) [hereinafter *Vet. Ct. Op.*].

She timely appeals.

## II

At the outset, the Secretary appropriately challenges our jurisdiction to consider the portion of the appeal concerning malaria as a "contributory cause of death."

The Veterans Court concluded that Mr. Salberg never contracted malaria while in service:

> Despite her allegation that the Board's findings [that Mr. Salberg did not contract malaria] are erroneous, Mrs. Salberg has not pointed to a medical record or other piece of evidence, either in-service or postservice, or before or after the veteran's death, that mentions, opines, or recounts that he ever contracted malaria or that links any of his medical conditions to malaria, and the Court's review of the record has found none.

*Vet. Ct. Op.* at 6.

As we have stated:

"Our jurisdiction to review the decisions of the [Veterans Court] is limited by statute." While this court is authorized to "decide all relevant questions of law, including interpreting constitutional and statutory provisions," we cannot adjudicate "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," unless a constitutional issue is presented.

*Menegassi v. Shinseki*, 638 F.3d 1379, 1381 (Fed. Cir. 2011) (citation omitted).

That Mr. Salberg in fact had service-connected malaria is a necessary precondition to the argument that service-connected malaria was a "contributory cause" of his death. We have no jurisdiction to review the factual finding that he did not contract malaria in service, and, accordingly, lack jurisdiction to reach the legal question of whether malaria constituted a "contributory cause of death."

## III

The remaining dispute about Mr. Salberg's PTSD as a "contributory cause" of his death centers on the proper construction of § 3.312(c)(1):

In determining whether the service-connected disability contributed to death, it must be shown that it contributed substantially or materially; that it combined to cause death; that it aided or lent assistance to the production of death.

Mrs. Salberg takes the position that the semicolons in the regulation should be understood in the disjunctive (in other words, as the equivalent of "or"). The Secretary asserts that the "semi-colons . . . delineate each clause, all of which have related meanings, each serving to further

clarify the meaning of contributory death." We under-
stand the Secretary's position to be the following: a "con-
tributory cause of death" is a "service-connected disability
. . . that . . . contributed substantially or materially" to
death, where the regulation's "combined to cause death"
and "aided or lent assistance to death" clauses spell out
necessary, but not each sufficient, conditions for "substan-
tial[] and material[] contribution. This is the conjunctive
interpretation.

Mrs. Salberg faults the Veterans Court for defining
"contributory cause of death" as only those disabilities
which "contributed substantially or materially" to the
veteran's death. She points to certain statements by the
Board that allegedly show that the Board considered Mr.
Salberg's PTSD only under the "contributed substantially
or materially" prong of the regulation. *See, e.g., Board Op.*
at 5 ("For a service-connected disability to be a 'contribu-
tory cause' of death, it must contribute substantially or
materially.").[2] In her briefing before this court, she ap-
pears to argue that the Veterans Court, by quoting and
paraphrasing the factual findings of the Board, endorsed
the Board's restrictive legal interpretation. In paraphras-
ing the regulation, however, the Veterans Court used the
term "or":

> [A service-connected disability] is the primary
> cause if it was "the immediate or underlying cause
> of death or was etiologically related" to the death;
> *it is a contributory cause if it "contributed substan-*

---

[2]    Mrs. Salberg never argued in the Veterans Court
that the Board failed to consider separately disabilities
that "combined to cause death" or "aided or lent assis-
tance to the production of death" as "contributory cause[s]
of death." However, Mrs. Salberg appeared *pro se* in the
Veterans Court, and the Secretary states explicitly that
he does not argue waiver.

> *tially or materially" to the cause of death, "combined to cause death," or "aided or lent assistance to the production of death." [38 C.F.R.] § 3.312(b), (c)(1).*

*Vet. Ct. Op.* at 5 (emphasis added).

The Board also made at least one finding under which Mrs. Salberg might lose for failure to satisfy the causation requirement of the last sentence of § 3.312(c)(1):

> It is not sufficient to show that [the disability alleged to be a contributory cause of death] casually shared in producing death, but rather it must be shown that there was a causal connection.

*See, e.g., Board Op.* at 16 ("The two VA medical opinions . . . establish by a preponderance that it is less than likely that PTSD caused, contributed to, or was *causally related* to the Veteran's death.") (emphasis added). That finding might alone defeat her claim without the need to construe the particular sentence disputed in this court. But the Veterans Court did not appear to base its decision on that finding.

In any case, despite these statements by the Veterans Court, the Secretary does not argue that the Veterans Court considered whether disabilities which "combined to cause death" or which "aided or lent assistance to the production of death" could support an award even if they did not "contribute[] substantially or materially" to death. He urges instead that this case be remanded to the Veterans Court so that it may construe the regulation in the first instance because, in his view, the proper construction of § 3.312(c)(1) has not been presented there.

## IV

Under these rather unusual circumstances, but with an eye to providing clarity in the construction of this regulation, we grant the Secretary's request to remand for

the Veterans Court to consider whether PTSD was a "contributory cause" of Mr. Salberg's death. We take no position on the proper construction of § 3.312(c)(1) beyond the following guidance.

Preliminarily, we note that the Veterans Court could decide that no construction is necessary. As noted above, the Board appears to have found that there was no causal link at all between Mr. Salberg's PTSD and his death. If Mrs. Salberg fails to overcome these apparent findings, the Veterans Court may conclude that there is simply no "causal connection" within the meaning of § 3.312(c)(1) and dispose of the case accordingly.

With punctuation, as with other aspects of language, context matters. The Supreme Court has indicated that punctuation alone is not "a reliable guide for discovery of a statute's meaning." *U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 455 (1993). For example, in *Elgin Nursing & Rehabilitation Center v. U.S. Department of Health and Human Services*, the Fifth Circuit took a context-based approach to the use of semicolons. 718 F.3d 488 (5th Cir. 2013). The semicolons of 38 C.F.R. § 3.312(c)(1) that delineate conditions which "contributed substantially or materially" to death, which "combined to cause death," and which "aided or lent assistance to the production of death" indicate the close relationship of the three types of conditions. The Veterans Court therefore should look to the medical realities and take care to construe the regulation in a way that "all clauses [are] given effect." *Id.* at 495.

Here, if all conditions that "contributed substantially or materially" to death necessarily have "combined to cause death" or "aided or lent assistance to the production of death," then construing the semicolons in the regulation as equivalent to "or" would read "contributed substantially or materially" out of the regulation. In that case, the semicolons should be read in the conjunctive,

and "combined to cause" and "aided or lent assistance to the production of" should be understood as elaborations that stake out the minimum bounds of "contributed substantially or materially." But we leave it to the Veterans Court to consider if this objection to a disjunctive interpretation is sound.

The Veterans Court also should be mindful of the teaching of the Supreme Court that a construction "must account for a statute's full text, language as well as punctuation, structure, and subject matter." *U.S. Nat'l Bank of Or.*, 508 U.S. at 455. The other portions of § 3.312(c) include requirements that appear to speak to the materiality of a condition that is the "contributory cause of death." *See, e.g.*, § 3.312(c)(4) ("there is for consideration whether there may be a reasonable basis for holding that a service-connected condition was of *such severity as to have a material influence in accelerating death*") (emphasis added). These clauses may indicate that a finding of "substantial[] or material[]" contribution to death is necessary for a condition to be considered a "contributory cause of death" and may direct a conjunctive construction of the semicolons. The Veterans Court also may consider the regulatory history, the use of comparable language or punctuation in any other regulations, and anything else bearing on the permissibility of the "and" construction urged by the Secretary.

Should the Veterans Court find it necessary to construe the regulation, it should provide a detailed explanation of its reasoning. As Mrs. Salberg has pointed out, for more than a decade the Veterans Court consistently has recited the phrases at issue here in the disjunctive. *See, e.g.*, *Watson v. Brown*, 4 Vet. App. 189, 192-93 (1993) ("A contributory cause of death must be causally connected to the death and must have 'contributed substantially or materially' to death, 'combined to cause death', or 'aided or lent assistance to the production of death.' 38 C.F.R. § 3.312(c)(1) (1992).") It has relied on that formulation in

at least two unpublished opinions. *Roberson v. Shinseki*, 2011 WL 1042179, at *2–3 (Vet. App. Mar. 22, 2011); *Flaming v. Principi*, 2003 WL 21251694, at *1 (Vet. App. May 6, 2003). But we have not been able to find an opinion of the Veterans Court that squarely addresses the interpretive issues. It may well be, as the Secretary argues here, that the Veterans Court's use of "or" in its opinions is "casual[]." The importance of § 3.312(c)(1) is clear from the large number of cases in the Veterans Court that implicate it. It would assist our review of such cases to have the benefit of the Veterans Court's considered reasoning, informed by its many years of experience with the full range of relevant regulations and with their medical applications.

Finally, we note that, where a regulation is ambiguous, the agency is entitled to deference in its interpretation unless that interpretation is "plainly erroneous or inconsistent with the regulation." *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (internal quotation marks omitted).

V

Accordingly, we dismiss the portion of the appeal concerning malaria as a "contributory cause" of Mr. Salberg's death. We vacate the Veterans Court's judgment to the extent that the judgment concluded that PTSD was not a "contributory cause of death," and we remand to the Veterans Court for further proceedings consistent with this opinion.

**DISMISSED IN PART, VACATED IN PART, AND REMANDED**

Costs

No costs.